Jose Musa, Bar No. 2411128
Ken Ciccoli, Bar. No. 2211118
Inlet Law, LLC
818 Smoky Bay Way, PMB 324,
Homer, AK 99603
(907) 299-6572
Info@inlet-law.com
Attorneys for Nicholas Conner

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

NICHOLAS CONNER

            Plaintiff,

    v.

KENAI PENINSULA BOROUGH;

MAYOR PETER MICCICHE,

        Defendants.

Case No.  3:25-cv-0054-HRH

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL DISMISS UNDER FRCP 12(B)(6)

Defendants' passed a bill of attainder against Mr. Conner limiting his constitutional rights. Defendants did so with particularity, enacting punishment against Mr. Conner by placing restrictions on his constitutional rights, and they did so without affording Mr. Conner a judicial trial. Actions which, collectively, constitute a bill of attainder. Still, Defendants seek dismissal of Mr. Conner's

NICHOLAS CONNER V KENAI
PENINSULA BOROUGH AND
MAYOR PETER MICCICHE

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR
PARTIAL DISMISS UNDER FRCP
12(B)(6)
- PAGE 1 OF 22 -

CASE NO. 3:25-CV-0054-HRH

Case 3:25-cv-00054-HRH    Document 12    Filed 05/01/25    Page 1 of 22

claim that a bill of attainder was made against him. In doing so, Defendants ignore facts proffered in Mr. Conner's complaint. Simultaneously, Defendants attack the credibility of the facts Mr. Conner put forth in his complaint.

The standard on a motion to dismiss requires this Court accept Mr. Conner's factual allegations as true, and Mr. Conner's complaint contains enough facts to state a claim for relief that is plausible on its face, meaning Defendants' motion must be denied. Likewise, Defendants' premature attempt to have those facts adjudicated misses the standard required of a motion to dismiss, and their motion must be denied.

## I.    BACKGROUND

Mr. Conner is a "First Amendment Auditor." First Amendment Auditors like Mr. Conner engage in journalism concerning First Amendment issues by filming and photographing government buildings, equipment, and officials. First Amendment Auditors like Mr. Conner go into public spaces and record the happenings therein. Mr. Conner's actions have been, and remain, constitutionally protected. Despite those protections, various public officials have reported Mr.

NICHOLAS CONNER V KENAI        PLAINTIFF'S OPPOSITION TO        CASE NO. 3:25-CV-0054-HRH
PENINSULA BOROUGH AND        DEFENDANTS' MOTION FOR
MAYOR PETER MICCICHE        PARTIAL DISMISS UNDER FRCP
                            12(B)(6)
                        - PAGE 2 OF 22 -

Case 3:25-cv-00054-HRH        Document 12        Filed 05/01/25        Page 2 of 22

Conner to law enforcement, attempting to halt the expression of Mr. Conner's constitutional rights. Mr. Conner has had various communications with government officials who've stated their displeasure with Mr. Conner's first amendment auditing activities.[1] Throughout over a year of interactions, various public officials have threatened to have Mr. Conner trespassed from public spaces. However, Mr. Conner's First Amendment Auditing is constitutionally protected and cannot rise to the level of, or be considered, criminal trespass. Therefore, Mr. Conner has never been arrested for criminal trespass.

Because Mr. Conner's actions cannot be considered criminal, and because Defendants could not lawfully have Mr. Conner arrested, Defendants manufactured a work-around to keep Mr. Conner from visiting and filming public spaces. That work around is KPB Ordinance 2024-07 ("the Ordinance"). The Ordinance is a bill of attainder.

As explained by the KPB council member who introduced the Ordinance, it is

> a way for the Borough to put some tools in place for them to react to, uh, public that come into public spaces in the buildings and cause disruption, and this is uh, kind of

---

[1] *See* Complaint at 6-14.

uh, a stopgap between, right now, you know, you could file something for uh, criminal trespass, but that seems more . . . it seems overkill for what we're looking really to be able to provide.[2]

Or, as KPB's attorney stated:

> State law provides a general criminal trespass provision, um, it provides for public—it's applicable to public or private facilities where if the person in control or in charge of the building asks somebody to leave, and they don't, they can be charged with a crime of, uh criminal trespass in the second degree, uh it doesn't spell out the ability to provide any kind of temporal limits of saying don't come back for 6 months, a year, ever, whatever the case may be um that is a clear ability of private property owners to do including businesses, uh, its trickier and um, for public facilities to trespass for a time period and so um since that's currently not in state law there's nothing in title 29 or any of the code provisions under title 11 or otherwise, and um, you know were looking at this as when faced with such issues we don't really have that mechanism to issue a trespass order under either state law or borough code currently.[3]

---

[2] NewsNow Alaska, *NewsNow Alaska is live! KPB meeting Seward Let's see what corruption we can find*, YouTube (Apr. 16, 2024), https://www.youtube.com/live/p62qYGgmcso.

[3] *Id.*

NICHOLAS CONNER V KENAI PENINSULA BOROUGH AND MAYOR PETER MICCICHE     PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL DISMISS UNDER FRCP 12(B)(6)     CASE NO. 3:25-CV-0054-HRH

- PAGE 4 OF 22 -

Case 3:25-cv-00054-HRH     Document 12     Filed 05/01/25     Page 4 of 22

In other words, KPB created the Ordinance because they could not arrest Mr. Conner for filming in public spaces and needed to invent a legal work around *specifically* to infringe Mr. Conner's constitutional rights. As Defendant Mayor said on the day KPB enacted the Ordinance:

> I've been mayor for a little over a year right and um we have . . . 60,882 residents . . . *I would assume that of the 60,882 people, 60,881 of them will never be affected by these changes*.[4]

As Defendant Mayor said, the Ordinance is intended to punish one individual out of 60,882. That individual is Mr. Conner. In fact, when Defendant Mayor spoke with Central Kenai Peninsula Public Radio, he explained it this way:

---

[4] NewsNow Alaska, *NewsNow Alaska is live! KPB meeting Seward Let's see what corruption we can find*, YouTube (Apr. 16, 2024), https://www.youtube.com/live/p62qYGgmcso.

"'This is going to affect likely one person, and fifty-nine-thousand-nine-hundred-and-whatever borough residents will not be negatively impacted," Micciche said. "In fact they'll be positively impacted.'"[5]

The Ordinance gave Defendant Mayor the power to selectively deprive Mr. Conner of his First Amendment rights and allowed Defendant Mayor to do so without judicial trial. As the Ordinance states:

> A person is prohibited from knowingly entering or remaining in, on, or across any real property, building or other facility or structure owned or controlled by the borough, after having been ordered by the mayor or employee or official having control over the facility not to enter or remain on such property, either by posting on the premises or upon receipt of a written or oral order.

Defendant Mayor then used that power to, without trial, revoke Mr. Conner's first amendment rights by trespassing him from the public facilities where he exercises them.

---

[5] Riley Board, *Borough considers new trespass and public records policies*, Public Radio for the Central Kenai Peninsula, March 22, 2024, ttps://www.kdll.org/local-news/2024-03-22/borough-considers-new-trespass-and-public-records-policies

Nicholas Conner v Kenai Peninsula Borough and Mayor Peter Micciche          Plaintiff's Opposition to Defendants' Motion for Partial Dismiss under FRCP 12(b)(6)          Case No. 3:25-cv-0054-HRH

- Page 6 of 22 -

Case 3:25-cv-00054-HRH    Document 12    Filed 05/01/25    Page 6 of 22

On January 10, 2025, Mr. Conner went to the KPB River Center to obtain and record educational information. Mr. Conner was denied entrance. After leaving the River Center, police unlawfully detained Mr. Conner, not because they had reasonable articulable suspicion that a crime was afoot, but rather, to investigate whether or not Mr. Conner had trespassed upon public land. Law enforcement articulated no suspicion that a crime had occurred or was being committed, but nonetheless detained Mr. Conner.

That evening, Defendant Mayor issued a letter to Mr. Conner stating that

> [p]ursuant to [the Ordinance], as a result of your erratic, disconcerting, threatening, profane and aggressive behavior toward Borough staff and a pattern of conduct that significantly interferes with the orderly conduct of KPB services escalated today when you attempted to forcibly gain entry into the River Center, I am hereby issuing this written trespass order notifying you that you are trespassed from entering, including the parking lot areas and grounds of **all** Kenai Peninsula Borough owned, operated, or leased facilities for a period of twelve (12) months.[6]

---

[6] Complaint at Exhibit C, Trespass Order (*Emphasis retained*).

NICHOLAS CONNER V KENAI PENINSULA BOROUGH AND MAYOR PETER MICCICHE | PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL DISMISS UNDER FRCP 12(B)(6) | CASE NO. 3:25-CV-0054-HRH

- PAGE 7 OF 22 -

Case 3:25-cv-00054-HRH    Document 12    Filed 05/01/25    Page 7 of 22

Irrespective of the inaccuracies contained within Defendant Mayor's description of events, Mr. Conner's actions were entirely lawful—and even if they were not, the proper remedy would have been a criminal trespass. But since Mr. Conner's actions were entirely lawful *and constitutionally protected*, Defendants drafted a bill of attainder to restrict Mr. Conner's rights.

Defendants now challenge Mr. Conner's complaint insomuch that they argue through a *Partial Motion to Dismiss* that the Ordinance is not a bill of attainder. While Mr. Conner's position remains that the Ordinance *is*, in fact, a Bill of Attainder, this Court need not make such a determination to resolve Defendant's Motion to Dismiss. Instead, and in accordance with Civil Rule 12(b)(6), this Court need only review Mr. Conner's Complaint to determine whether it contains sufficient factual matter, accepted as true, such that the Complaint states a claim to relief that is plausible on its face.

## II.  LEGAL STANDARDS

### (A)  12(B)(6) STANDARD

"A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. A pleading must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[7]

> To survive a motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." The purpose of a Rule 12(b)(6) motion is to "test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Thus, when considering a motion to dismiss, a court must consider the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.[8]

### (B)  BILL OF ATTAINDER

"The Constitution instructs Congress that 'No Bill of Attainder ... shall be passed.' U.S. Const. art. I, § 9, cl. 3. A bill of attainder is 'a law that legislatively

---

[7] *Stewart et al., v. Kodiak Cakes, LLC*, 537 F.Supp.3d 1103, 1128 (9th Cir. 2021) (Citing Navarro v. Block , 250 F.3d 729, 732 (9th Cir. 2001; Fed. R. Civ. P. 8(a)(2)).

[8] *Bing v. Brivo Systems, LLC*, 959 F.3d 605, 616 (9th Cir. 2020)(Internal Citations Omitted).

determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.'"[9] Therefore, "[t]hree key features brand a statute a bill of attainder: that the statute (1) specifies the affected persons, and (2) inflicts punishment (3) without a judicial trial"[10]

### i. <u>Specificity</u>

With regard to specificity, a statute need not identify an individual or group by name to incur suspicion.[11] "Singling out of an individual for legislatively prescribed punishment constitutes an attainder whether the individual is called by name or described in terms of conduct which, because it is past conduct, operates only as a designation of particular persons."[12] "[L]egislative acts, no matter what their form, that apply either to named individuals or to easily

---

[9] *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 668 (9th Cir. 2002)(*Citing Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468 (1977).

[10] *Id*. at 668-69 (*Citing Selective Serv. Sys. v. Minnesota Pub. Interest Research Group*, 468 U.S. 841, 847 (1984).

[11] *Seariver Maritime Financial Holdings, Inc. v. Mineta*, 309 F.3d 662, 669-70, (citing *Atonio v. Wards Cove Packing Co.*, 10 F.3d 1485, 1490 (9th Cir. 1993)).

[12] *Id*. at 669 (*Citing Selective Serv. Sys.*, 468 U.S. at 847).

NICHOLAS CONNER V KENAI PENINSULA BOROUGH AND MAYOR PETER MICCICHE     PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL DISMISS UNDER FRCP 12(B)(6)     CASE NO. 3:25-CV-0054-HRH

- PAGE 10 OF 22 -

Case 3:25-cv-00054-HRH     Document 12     Filed 05/01/25     Page 10 of 22

ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial are bills of attainder prohibited by the Constitution."[13]

### ii. <u>Infliction of Punishment</u>

With regard to the infliction of punishment, [t]raditionally, bills of attainder . . . erected a bar to designated individuals . . . participating in specified employments or vocations.[14]

Alternatively, the court may apply a functional test to

> ensure that the legislature has not fashioned new burdens and deprivations that are inconsistent with the Constitution's guarantee against bills of attainder. Nixon, 433 U.S. at 475, 97 S.Ct. 2777. This test inquires: whether the law under challenge, viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes. *Where such legitimate legislative purposes do not appear, it is reasonable to conclude that punishment of individuals disadvantaged by the enactment was the purpose of the decisionmakers*.[15]

As a second alternative, the court may look to the legislative record.

---

[13] *United States v. Brown*, 381, U.S. 437 (1965).

[14] *Nixon v. Administrator of General Services*, 433 U.S. 425, 473-74 (1977).

[15] *Seariver Maritime Financial Holdings, Inc. v. Mineta,* 309 F.3d 662, 674 (Internal Citations Retained) (emphasis added).

NICHOLAS CONNER V KENAI PENINSULA BOROUGH AND MAYOR PETER MICCICHE     PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL DISMISS UNDER FRCP 12(B)(6)     CASE NO. 3:25-CV-0054-HRH

- PAGE 11 OF 22 -

Case 3:25-cv-00054-HRH     Document 12     Filed 05/01/25     Page 11 of 22

The third hallmark of a punitive statute is a legislative record that "'evinces a congressional intent to punish.'" Selective Serv. Sys., 468 U.S. at 852, 104 S.Ct. 3348. We seek to determine whether the legislative record is probative of nonpunitive intentions or instead evidences legislative overreaching that enlivens "the fear that the legislature, in seeking to pander to an inflamed popular constituency," found it "expedient openly to assume the mantle of judge — or, worse still, lynch mob." Nixon, 433 U.S. at 480, 97 S.Ct. 2777.[16]

Finally, as a fourth means of "determining whether a legislature sought to inflict punishment on an individual, it is often useful to inquire into the existence of less burdensome alternatives by which Congress could have achieved its legitimate nonpunitive objectives." [17]

## III.   ARGUMENT

The sole intent of Defendants' bill of attainder is to punish Mr. Conner for his expressions of his First Amendment rights. Defendants could not charge Mr. Conner with a crime, so instead they passed a bill of attainder to restrict his rights

---

[16] *Seariver Maritime Financial Holdings, Inc. v. Mineta,* 309 F.3d 662, 676 (Internal Citations Retained).

[17] *Id*. at 677 (quoting Nixon, 433 U.S. at 482).

NICHOLAS CONNER V KENAI PENINSULA BOROUGH AND MAYOR PETER MICCICHE          PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL DISMISS UNDER FRCP 12(B)(6)          CASE NO. 3:25-CV-0054-HRH

- PAGE 12 OF 22 -

Case 3:25-cv-00054-HRH     Document 12     Filed 05/01/25     Page 12 of 22

without the use of a judiciary. Mr. Conner's complaint sufficiently expresses so.

The Complaint, as regarding his claims for a bill of attainder, contains a short and

plain statement of the claim showing that Mr. Conner is entitled to relief. That

statement is as follows:

> The bill of attainder levied against Mr. Conner legislatively determined his guilt and inflicts punishment upon him without provision of the protections of a judicial trial. The Ordinance's terms, the expressed intent of those who voted its passage, and to the nonexistence of legitimate explanations for its devastating effects against Mr. Conner make the Ordinance unconstitutional.

> Mr. Conner's constitutional actions have been met by Defendants with an unconstitutional response, depriving Mr. Conner of even his most fundamental rights.

> That Mr. Conner is not personally named in the Ordinance is of no consequence. A statute need not identify an individual or group by name to incur suspicion.[18] The "singling out of an individual for legislatively prescribed punishment constitutes an attainder whether the individual is called by name or described in terms of conduct which, because it is past conduct, operates only as a designation of particular persons."

---

[18] *Seariver Maritime Financial Holdings, Inc. v. Mineta,* 309 F.3d 662, 669-70, (citing *Atonio v. Wards Cove Packing Co.,* 10 F.3d 1485, 1490 (9th Cir. 1993)).

Further, Plaintiff is referenced by omission as Defendant Mayor addressed KPB's Council prior to the unanimous passage of the Ordinance when he stated that out of the 60,882 citizens of the Borough, 60,881 would be unaffected by the Ordinance.

The Ordinance violates the prohibition against Bills of Attainder US Const. Art. I § 10, cl. 11.

Because the Ordinance displays the traditional brand of a bill of attainder: that the statute (1) specifies the affected persons, and (2) inflicts punishment (3) without a judicial trial, Mr. Conner prays this Court strike the Ordinance as an unconstitutional bill of attainder.[19]

To survive this motion to dismiss, nothing more is needed.

"The purpose of a Rule 12(b)(6) motion is to 'test the sufficiency of a complaint,' not to 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"[20] For this Court, the analysis should end here.

Though the merits of Mr. Conner's claims are not here tested, Defendants motion argues the facts of this case, and whether those facts meet the standards set forth in various legal tests. Therefore, should this Court require more than a

---

[19] *Complaint* at 14-16.

[20] *Bing v. Brivo Systems, LLC*, 959 F.3d 605, 616 (9th Cir. 2020)

NICHOLAS CONNER V KENAI PENINSULA BOROUGH AND MAYOR PETER MICCICHE     PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL DISMISS UNDER FRCP 12(B)(6)     CASE NO. 3:25-CV-0054-HRH

- PAGE 14 OF 22 -

Case 3:25-cv-00054-HRH    Document 12    Filed 05/01/25    Page 14 of 22

reading of the Complaint, Mr. Conner provides the following to show that the Ordinance is a bill of attainder:

First, Mr. Conner is specified as the affected person; second, the Ordinance inflicts punishment against him; and third, Mr. Conner was afforded no judicial trial when facing this punishment. These are the markings of a bill of attainder.

Regarding specificity, singling out of an individual for legislatively prescribed punishment constitutes an attainder where the individual is described in terms of conduct which, because it is past conduct, operates only as a designation of particular persons."[21]

Prior to creation of this Ordinance, Mr. Conner had long been engaged in First Amendment Auditing, which Defendant Mayor expressly stated his disapproval of during an August 7, 2023, phone call.[22] This call was not the only

---

[21] *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 669 (9th Cir. 2002) (*Citing Selective Serv. Sys.*, 468 U.S. at 847).

[22] *See* Complaint at 2:

> 15. Defendant Mayor then recites a conversation he had with the police offer from the earlier arrest threat,

instance that Defendant Mayor, or other KPB Defendants raised their disapproval with Mr. Conner's First Amendment Auditing, and on many occasions public officials have threatened to trespass Mr. Conner from public grounds due to his chosen expression of his first amendment rights. However, because his actions have been entirely lawful, the only way they could divest Mr. Conner of his first amendment rights was to create an Ordinance crafted specifically to deal with him. Which is why, on the date of the Ordinance's enactment, Defendant Mayor stated that "of the 60,882 people [in his jurisdiction], 60,881 of them will never be affected by [the Ordinance]." Mr. Conner is the one of 60,882, and he need not be named in the Ordinance for it to be so.[23]

---

stating "I've been talking to people [about] training. [And] you're right, I'm gonna train them. When someone comes into the building and wants to take a video, who cares?"

16. However, Defendant Mayor clarified his stance by following up with "[n]ow, I don't think our employees should be videotaped if they don't wanna be . . ."

[23] *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 668-69 (9th Cir. 2002).

Regarding the infliction of punishment, there are four possible analyses this Court may make: (i) traditional forms; (ii) the functional test; (iii) legislative record; and (iv) inquiry into less burdensome alternatives. In this case, every version is satisfied.

(i)     "Traditionally, bills of attainder . . .  erected a bar to designated individuals . . . participating in specified employments or vocations."[24]   Mr. Conner is a First Amendment Auditor. This, in part, means Mr. Conner goes into public spaces, videotapes public officials conducting their official duties (which is his constitutional right),[25] and publishes those videos to various platforms. These videos can generate income. The Ordinance, which was passed specifically to stop Mr. Conner from his First Amendment Auditing, effectively bars him from

---

[24] *Nixon v. Administrator of General Services*, 433 U.S. 425, 473-74 (1977).

[25] *See Askins v. Dep't of Homeland Sec.*, 899 F.3d 1035, 1044 (9th Cir. 2018) (Quoting *Fordyce* , 55 F.3d at 439 ; see also , e.g. , ACLU of Ill. v. Alvarez , 679 F.3d 583, 597 (7th Cir. 2012) ; Glik v. Cunniffe , 655 F.3d 78, 82 (1st Cir. 2011) (recognizing "that the First Amendment protects the filming of government officials in public spaces").

Nicholas Conner v Kenai Peninsula Borough and Mayor Peter Micciche                Plaintiff's Opposition to Defendants' Motion for Partial Dismiss under FRCP 12(b)(6)                Case No. 3:25-cv-0054-HRH

- Page 17 of 22 -

Case 3:25-cv-00054-HRH    Document 12    Filed 05/01/25    Page 17 of 22

participating in this version of employment and therefore meets this definition of punishment.

(ii)     The functionality test determines whether the law under challenge, viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes. (i.e., the court must determine what the actual function of the law is). Where such legitimate legislative purposes do not appear, it is reasonable to conclude that punishment of individuals disadvantaged by the enactment was the purpose of the decisionmakers.

Here, if absent a nefarious function, it seems the Ordinance has *no* function. Criminal trespass is already an established aspect of Alaska's law.[26] Defendants' attorney stated as much during their enactment of the Ordinance:

> State law provides a general criminal trespass provision, um, it provides for public—it's applicable to public or private facilities where if the person in control or in charge of the building asks somebody to leave, and they don't, they can be charged with a crime of, uh criminal trespass in the second degree, uh it doesn't spell out the

---

[26] *See* A.S. 11.46.320 and .330.

NICHOLAS CONNER V KENAI
PENINSULA BOROUGH AND
MAYOR PETER MICCICHE

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR
PARTIAL DISMISS UNDER FRCP
12(B)(6)

CASE NO. 3:25-CV-0054-HRH

- PAGE 18 OF 22 -

ability to provide any kind of temporal limits of saying don't come back for 6 months, a year, ever, whatever the case may be um that is a clear ability of private property owners to do including businesses, uh, its trickier and um, for public facilities to trespass for a time period and so um since that's currently not in state law there's nothing in title 29 or any of the code provisions under title 11 or otherwise, and um, you know were looking at this as when faced with such issues we don't really have that mechanism to issue a trespass order under either state law or borough code currently.[27]

The function, then, appears to be to give Defendants a way to make a person's completely legal (and constitutionally protected) activity *illegal*. And worse, the function is of the Ordinance is to put that unfettered determination of illegality in the hands of Defendant Mayor.

The function of the Ordinance is not a legislative one.

---

[27] NewsNow Alaska, *NewsNow Alaska is live! KPB meeting Seward Let's see what corruption we can find*, YouTube (Apr. 16, 2024), https://www.youtube.com/live/p62qYGgmcso.

(iii) The third hallmark of a punitive statute is a legislative record that "'evinces a congressional intent to punish.'"[28]   Here, Courts must seek to determine whether the legislative record . . . evidences legislative overreaching that enlivens the fear that the legislature, in seeking to pander to an inflamed popular constituency, found it expedient openly to assume the mantle of judge.

First Amendment Auditing is not always beloved by those being audited. And certainly, there has been a pressure faced by Defendants to do something about Mr. Conner's actions. That is why Defendants, by way of the Ordinance, took the gavel from the court on issues concerning criminal trespass, and wrongfully placed it in the hands of Defendant Mayor. Defendants invented the concept of a civil trespass on public land to stop Mr. Conner from practicing his First Aamendment rights. The gavel must be returned to the hand of the judiciary.

(iv) Regarding less burdensome alternatives, Defendants do not need the Ordinance because the status quo is sufficient and already available to them: If

---

[28] *Seariver Maritime Financial Holdings, Inc. v. Mineta,* 309 F.3d 662, 676 (Quoting *Selective Serv. Sys.*, 468 U.S. at 852).

they feel Mr. Conner's actions are illegal, then they may criminally trespass him. Otherwise, they must leave him to his constitutionally protected activities. The Ordinance is but a punishment designed to deprive Mr. Conner of his rights.

## IV.   CONCLUSION

Defendants' bill of attainder is meant to punish Mr. Conner for his expression of his First Amendment rights. Defendants could not charge Mr. Conner with a crime, so instead they passed a bill of attainder to restrict him. Mr. Conner's complaint sufficiently expresses this. The Complaint, as regarding his claims for a bill of attainder, contains a short and plain statement of the claim showing that Mr. Conner is entitled to relief. As such, Defendants' *Partial Motion to Dismiss* that claim of the Complaint must be DENIED.

DATED: May 1, 2025                    INLET LAW, LLC
                                      Counsel for Nicholas Conner

                                      /s/ Ken Ciccoli
                                      Ken Ciccoli
                                      Alaska Bar No. 2211118

NICHOLAS CONNER V KENAI          PLAINTIFF'S OPPOSITION TO          CASE NO. 3:25-CV-0054-HRH
PENINSULA BOROUGH AND            DEFENDANTS' MOTION FOR
MAYOR PETER MICCICHE             PARTIAL DISMISS UNDER FRCP
                                 12(B)(6)
                                 - PAGE 21 OF 22 -

Case 3:25-cv-00054-HRH    Document 12    Filed 05/01/25    Page 21 of 22

## CERTIFICATE OF SERVICE

I filed a true and correct copy of the foregoing on all parties. This document was served electronically through the Court's CM/ECF System.

DATED: May 1, 2025

INLET LAW, LLC
Attorneys for Nicholas Conner

/s/ Jose Musa
Jose Musa
Alaska Bar No. 2411128

/s/ Ken Ciccoli
Ken Ciccoli
Alaska Bar No. 2211118