IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

NICHOLAS CONNER,

                Plaintiff,

  vs.                                No. 3:25-cv-00054-HRH

KENAI PENINSULA BOROUGH and
MAYOR PETER MICCICHE,

                Defendants.

<u>O R D E R</u>

<u>Motion for Partial Dismissal</u>[1]

Defendants Kenai Peninsula Borough and Pete Micciche, Mayor of the Kenai Peninsula Borough, move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for partial dismissal of the complaint filed by Plaintiff Nicholas Conner for failure to state a claim for which relief can be granted. Plaintiff responded in opposition,[2] and Defendants replied.[3] Oral argument was not requested and is not deemed necessary.

---

[1] Docket No. 9.

[2] Docket No. 12.

[3] Docket No. 13.

ORDER – Motion for Partial Dismissal    - 1 -

Background

Plaintiff's complaint against Defendants centers around an ordinance adopted by the Kenai Peninsula Borough ("KPB") in April 2024. That ordinance, KPB Ordinance 2024-07, which is attached to and incorporated into Plaintiff's complaint, amended the KPB Code to add section 1.08.165 (hereinafter referred to as "Civil Trespass Ordinance").[4] It prohibits a person from accessing KPB property after having been issued a "trespass order."[5] The trespass order, which cannot exceed a period of 24-months, can be issued by the mayor or other designated official based on a reasonable believe that the individual engaged in certain disorderly, threatening, or criminal conduct while within KPB facilities or in relation to KPB services and interactions.[6] The order can be issued after a written finding by the mayor that such an order is "necessary for the efficient conduct of borough business, for the protection or preservation of the public peace, health, safety, and well-being of borough employees and the public, or to avoid personal injury or property damage."[7]

The Civil Trespass Ordinance was adopted after Plaintiff began entering KPB facilities to gather video footage of government facilities and officials. Plaintiff alleges his recordings are part of his work as a "First Amendment Auditor."[8] He alleges that as a "First Amendment Auditor" he "engage[s] in journalism concerning First Amendment issues by filming and photographing government buildings, equipment, and officials" and

---

[4] Docket No. 1 at 8 (Compl. at ¶ 19); Docket No. 1-2 (Compl. Ex. A).

[5] Docket No. 1-2 (Compl. Ex. A, KPB 1.08.165(A)).

[6] Docket No. 1-2 (Compl. Ex. A, KPB 1.08.165(B)).

[7] Docket No. 1-2 (Compl. Ex. A, KPB 1.08.165(C)).

[8] Docket No. 1 at 6 (Compl. at ¶ 7).

"the happenings therein."[9] In August 2023, he had an encounter with KPB law enforcement while recording and thereafter continued to have interactions where KPB officials threatened to have him removed from public facilities.[10] He alleges that these interactions motivated KPB's adoption of the Civil Trespass Ordinance.[11]

About nine months after the passage of the Civil Trespass Ordinance, Plaintiff had another encounter with KPB officials after attempting to enter KPB's River Center to record "educational information."[12] Later that same day, he received a written trespass order from Defendant Micciche pursuant to the Civil Trespass Ordinance. The trespass order prohibits Plaintiff from entering KPB facilities for a period of twelve months. It is premised upon Plaintiff's "erratic, disconcerting, threatening, profane and aggressive behavior toward [KPB] staff" that "significantly interferes with the orderly conduct of KPB services."[13] The order states that Plaintiff's conduct that day, which included threats of violence, puts public "employees in fear for their safety and psychological well-being."[14] The trespass order provides information as to how Plaintiff can engage with KPB services via online systems and email.

This lawsuit followed. Plaintiff alleges that the Civil Trespass Ordinance violates the Bill of Attainder Clause of the U.S. Constitution and his first amendment and due process rights, raising claims under 42 U.S.C. § 1983 on these grounds. Defendants seek

---

[9]Docket No. 1 at 6 (Compl. at ¶¶ 8-9).

[10]Docket No. 1 at 6-8 (Compl. at ¶¶ 12-13, 17).

[11]Docket No. 1 at 8 (Compl. at ¶¶ 18-19).

[12]Docket No. 1 at 11 (Compl. at ¶ 28).

[13]Docket No. 1-4 (Compl. Ex. C).

[14]Docket No. 1-4 (Compl. Ex. C).

partial dismissal of his complaint at the outset of this litigation. They assert that there is no plausible basis for Plaintiff to assert that the Civil Trespass Ordinance is a bill of attainder and therefore Count I should be dismissed, as well as Count IV to the extent it seeks relief under § 1983 based upon a violation of the Bill of Attainder Clause.

Standard of Review

Defendants' motion is filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims. In reviewing a Rule 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and must construe the facts in a light most favorable to the plaintiff. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). However, a court is not required to accept as true a legal conclusion couched as a factual allegation. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When deciding a motion under Rule 12(b)(6), the court's review is generally limited to the complaint itself. However, a court may consider materials that are properly submitted as part of the complaint and may take judicial notice of undisputed matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Furthermore, a court may consider materials whose contents are described or otherwise incorporated into the complaint by reference and can assume the truthfulness of these materials for purposes of deciding the motion. Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002-03 (9th Cir. 2018).

To survive under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Dismissal is warranted where the plaintiff fails to present a cognizable legal theory or fails to allege

facts sufficient to support a cognizable legal theory.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

Discussion

As Defendants stress in their briefing, their motion to dismiss addresses only Plaintiff's claim that KPB's Civil Trespass Ordinance constitutes a bill of attainder. Therefore, this order is limited to that issue.  It affects Count I of Plaintiff's complaint and Count IV to the extent that count seeks relief under § 1983 based upon a violation of the Bill of Attainder Clause.  It does not address "whether [Plaintiff's] activities are constitutionally protected, or even whether the ordinance prohibits activities that the Constitution protects."[15]

The Constitution prohibits any bill of attainder.  In their briefing, Defendants cite to Article I, § 9, but that section is applicable to Congress and prohibits federal bills of attainder.  Article I, § 10 is the section applicable to States.  It prohibits state bills of attainder.   U.S. Const. Art. I § 10, cl. 1.  Local government enactments are generally considered under § 10.  See, e.g., Zilich v. Longo, 34 F.3d 359, 362 (6th Cir. 1994); Achtien v. City of Deadwood, 814 F. Supp. 808, 817 (W.D. S.D. 1993); Harrington v. Strong, 363 F. Supp. 3d 984, 1009 (D. Neb. 2019).  Indeed, Count I of Plaintiff's complaint raises the issue under Article I, § 10.[16]  What constitutes a bill of attainder, whether dealing with a federal or local law, is the same.  Franceschi v. Yee, 887 F.3d 927, 941 n. 7 (9th Cir. 2018).

A bill of attainder is "a law that legislatively determines guilt and inflicts

---

[15]Docket No. 13 at 2.

[16]Docket No. 1 at 1, 2, 16 (Compl. at ¶ 44).

ORDER – Motion for Partial Dismissal        - 5 -

Case 3:25-cv-00054-HRH   Document 14   Filed 06/17/25   Page 5 of 10

punishment upon an identifiable individual without provision of the protections of a judicial trial." Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 468 (1977). A bill of attainder has the following components: it "(1) specifies the affected persons, and (2) inflicts punishment (3) without a judicial trial." SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 668 (9th Cir. 2002). All elements must be met for the law to be deemed a bill of attainder. See Nixon, 433 U.S. at 471-72 ("[T]he fact that [the law] refers to [a plaintiff] by name . . . does not automatically offend the Bill of Attainder Clause."); SeaRiver, 309 F.3d at 673 (finding that while the Oil Pollution Act was specifically addressed to the owners and operator of one oil tanker in particular, it nonetheless was not a bill of attainder because it did not inflict punishment).

The court must presume that the law at issue is constitutional. "Only the clearest proof suffices to establish the unconstitutionality of a statute as a bill of attainder." SeaRiver, 309 F.3d at 669. The court looks only to the terms of the law, the intent of the law as expressed by those who passed it, and whether there are legitimate explanations for the effect of the law. Id. (quoting Nixon, 433 U.S. at 484).

As to the issue of specificity—that is, whether the legislation singles out a person or particular group—the Supreme Court has established guideposts to be considered holistically. SeaRiver, 309 F.3d 669. To start, the court looks to see if the legislation clearly targets an individual or if its reach is more general in nature, with the potential to apply more broadly. Id. The target of the legislation need not be explicitly named if its identity is otherwise "easily ascertainable" based on specific characteristics or "past conduct [that] operates only as a designation of particular persons." Id. (internal quotation marks omitted). Relatedly, if the legislation does in fact define the affected class by reference to past conduct, the court considers whether that conduct consists of

irrevocable acts.  Id.  In other words, the court must assess whether the legislation is retroactive, with no way for the affected individual to correct past conduct and conform with the law.  Id. at 669, 670-71.

In light of these guideposts, the court concludes that KPB's Civil Trespass Ordinance does not target Plaintiff specifically.  He is not explicitly named in the ordinance and there is no description of Plaintiff or other particular, immutable identifier or event that singles him out as the person affected by this piece of municipal legislation.  The ordinance is widely applicable to any person who engages in the described disruptive conduct; such conduct by anyone can result in a civil trespass order.  The ordinance's applicability is not restricted to those who have engaged in prior, irrevocable conduct.  It does not impose a civil trespass order on Plaintiff for his past conduct, and Plaintiff had the opportunity to conform his conduct to comply with the new ordinance.  Indeed, based on the allegations in the complaint, Plaintiff was not subject to a trespass order under the ordinance until January 10, 2025, nine months after its adoption, and that order was based on allegedly disruptive and threatening behavior Plaintiff exhibited during an encounter at KPB's River Center facility that same day.[17]

Plaintiff argues that the comments made by KPB officials demonstrate that he is the target of the legislation and that it was specifically designed to curb his interactions with the government.[18]  Of particular note, Defendant Micciche told residents that KPB needed the ordinance to handle "certain individuals that are obsessed . . . when [their] behavior gets strange" and that he assumed only one resident would be affected by the new

---

[17]Docket No. 1 at 11-13 (Compl. at ¶¶ 28, 29, 34); Docket No. 1-4 (Compl. Ex. C).

[18]Docket No. 1 at 8-10 (Compl. at ¶¶ 21, 22, 24).

ORDER – Motion for Partial Dismissal         - 7 -

ordinance.[19] That a plaintiff is the motivation for legislation "does not establish that the [legislation] was not a bona fide legislative measure" because "[i]t is utterly commonplace for legislation to be incited by concern over one person or organization." LC&S, Inc. v. Warren Cnty. Area Plan Comm'n, 244 F.3d 601, 604 (7th Cir. 2001). While Plaintiff motivated KPB officials to pass the ordinance, it was not targeted to him alone but to a type of conduct that KPB wants to curb; the ordinance can apply to anyone who engages in that conduct moving forward. Therefore, while Plaintiff may have inspired the passage of the Civil Trespass Ordinance, he was not singled out within the meaning of the Bill of Attainder Clause and the ordinance is therefore not unconstitutional under that provision.

Alternatively, even if Plaintiff had been singled out, the ordinance is still not a bill of attainder unless it is designed to inflict a punishment. See SeaRiver, 309 F.3d at 674 ("[E]ven if the [law] singles out an individual on the basis of irreversible past conduct, if it furthers a nonpunitive legislative purpose, it is not a bill of attainder."). When determining whether a law inflicts punishment on a specified individual within the meaning of the Bill of Attainder Clause the court looks at three factors: "(1) whether the challenged [law] falls within the historical meaning of legislative punishment; (2) whether the [law] . . . reasonably can be said to further nonpunitive legislative purposes; and (3) whether the legislative record evinces a congressional intent to punish." SeaRiver, 309 F.3d at 673 (internal quotation marks omitted). Not all three factors need to be met; instead it is a balancing inquiry. Id.

None of these three factors suggest a punitive intent behind the ordinance. The trespass order that can be issued under KPB's Civil Trespass Ordinance is not a

---

[19]Docket No. 1 at 10 (Compl. at ¶ 24) (he stated "that of the 60,882 people [in KPB], 60,881 of them will never be affected by these changes").

"traditional form of punishment." See id. at 673 (noting that banishment is a traditional form of punishment but only to the extent it deprives a person of citizenship and noting that banishment does not mean the mere restriction of one's freedom to go or remain where others have the right to be). Plaintiff argues that the ordinance prevents him from engaging in his chosen employment as a "First Amendment Auditor." While legislative prohibitions on individuals participating in specified vocations have traditionally constituted bills of attainder, no such prohibition is present here. The plain language of the ordinance does not bar Plaintiff from engaging in his profession as a First Amendment Auditor. He instead is prohibited from engaging in disruptive and threatening behavior with respect to his auditing. Moreover, the ordinance itself articulates a clear, nonpunitive purpose, which is to protect KPB employees and facilitate the "orderly conduct of KPB business" by preventing interruptions and disruptions that reasonably place others in fear.[20] The comments made by KPB officials, as described in the complaint, show that their intent was not to punish Plaintiff for his past conduct but to create tools the borough can use to manage unreasonably disruptive behavior going forward.[21] Indeed, officials were attempting to find the least restrictive means to avoid disruption of services and threats to employees and were trying to avoid having to criminally charge members of the public who engaged in disruptive behavior.[22] Again, that Plaintiff's past conduct may have

---

[20] Docket No. 1-2 at 1.

[21] Docket No. 1 at 8-9 (Compl. at ¶¶ 21-22) (noting that the ordinance was intended "to put some tools in place for [officials] to react to . . . public that come into public spaces in the buildings and cause disruption" and that the borough needed a "mechanism" to limit the ability of someone to enter public spaces after causing disruption).

[22] Docket No. 1 at 8-9 (Compl. at ¶¶ 21-22) (noting that criminal charges would be "overkill" and that criminal trespass in the second degree does not accomplish the goal of
(continued...)

ORDER – Motion for Partial Dismissal - 9 -

motivated its passage is not determinative. The ordinance does not inflict punishment for that past conduct. Plaintiff was free to avoid a trespass order by conforming his conduct to the law.

## Conclusion

Based on the preceding discussion, Defendants' motion for partial dismissal[23] is GRANTED. Count I of Plaintiff's complaint is dismissed, as well as Count IV to the extent it seeks relief based on the claim that KPD Ordinance 2024-07 is an unconstitutional bill of attainder.

DATED at Anchorage, Alaska this 17th day of June, 2025.

/s/ H. Russel Holland
United States District Judge

---

[22](...continued)
keeping public facilities free of disruption).

[23]Docket No. 9.