IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

NICHOLAS CONNER,

        Plaintiff,

v.

PETER MICCICHE, *in his official capacity as Mayor of the Kenai Peninsula Borough*, and the KENAI PENINSULA BOROUGH,

        Defendants.

Case No. 3:25-cv-00054-SLG

## ORDER ON DEFENDANTS' MOTION TO DISMISS

Before the Court at Docket 15 is a Motion for Dismissal Under FRCP 12(b)(6) filed by Defendants Peter Micciche and Kenai Peninsula Borough ("KPB") (collectively "Defendants"). Plaintiff Nicholas Conner responded in opposition at Docket 26, to which Defendants replied at Docket 30. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

As alleged in Plaintiff's Complaint, Plaintiff is a "First Amendment Auditor" who "engage[s] in journalism concerning First Amendment issues by filming and photographing government buildings, equipment, and officials."[1] Plaintiff has been filming public buildings and officials since at least August 2023 and Defendant

---

[1] Docket 1 at 6, ¶¶ 7-8.

Micciche, the mayor of KPB, has also been aware of Plaintiff's conduct since then.[2] While "many public officials have made threats to have Mr. Conner trespassed from public spaces," Plaintiff "has never been arrested for criminal trespass."[3]

In April 2024, Defendant KPB adopted an ordinance—KPB Ordinance 2024-07—to add § 1.08.165 to the KPB Code of Ordinances.[4] The Ordinance, titled "Civil trespass—Trespass order," prohibits a person from accessing KPB property after having been ordered by the KBP mayor or other employee or official with control over the facility to leave the property.[5] The Ordinance further provides that the KBP mayor or his designees may issue a written trespass order

> based upon a reasonable belief that one or more of the following has occurred: a violation of this section; a violation of KPB 3.04.225 – Borough and School District employees protected against certain conduct; interference with orderly conduct of KPB services; a threat of violence; an act of violence; or, a reasonable belief that a crime has been committed against a borough employee or official as it relates to their capacity as a borough employee or official, or against a member of the public while within borough facilities.[6]

The Ordinance defines "threat of violence" as "a statement, single act or course of conduct that a person reasonably perceives or understands to be a threat of physical injury or death" and provides that a person interferes "with orderly conduct

---

[2] Docket 1 at 6-7, ¶ 13.

[3] Docket 1 at 7-8, ¶ 17.

[4] Docket 1 at 8-11, ¶¶ 19-25; see also Docket 1-2 at 1-3 (a copy of the ordinance).

[5] Docket 1-2 at 1.

[6] Docket 1-2 at 2.

Case No. 3:25-cv-00054-SLG, Conner v. Micciche, et al.
Order on Defendants' Motion to Dismiss
Page 2 of 8
Case 3:25-cv-00054-SLG    Document 34    Filed 02/10/26    Page 2 of 8

of KPB services" when the person "with reckless disregard for the effect of that person's actions, acts or pursues a course of conduct that causes a significant interruption or impairment of the provision and delivery of services by borough personnel."[7]

A civil trespass order cannot exceed 24 months, and must be "issued upon a written finding by the mayor, or designee, that the order is necessary for the efficient conduct of borough business, for the protection or preservation of the public peace, health, safety, and well-being of borough employees and the public, or to avoid personal injury or property damage."[8] And the trespass order "must provide alternative options for the individual who is trespassed to engage with borough services."[9] Plaintiff's Complaint alleges that the Ordinance was enacted "to punish" him and to prevent him from visiting and filming public spaces.[10]

Plaintiff's Complaint alleges that, on January 10, 2025, he "went to the KPB River Center to obtain and record educational information" and "was denied entrance."[11] He alleges he was initially detained by the police but then released.[12] That evening, Plaintiff received a letter and written trespass order from Defendant

---

[7] Docket 1-2 at 2.

[8] Docket 1-2 at 2.

[9] Docket 1-2 at 2.

[10] Docket 1 at 8-11, ¶¶ 19-27.

[11] Docket 1 at 11, ¶ 28.

[12] Docket 1 at 11-12, ¶¶ 29, 32.

Case No. 3:25-cv-00054-SLG, *Conner v. Micciche, et al.*
Order on Defendants' Motion to Dismiss
Page 3 of 8
Case 3:25-cv-00054-SLG    Document 34    Filed 02/10/26    Page 3 of 8

Micciche barring Plaintiff from entering all KPB owned, operated, or leased facilities, including their parking lots and grounds, for 12 months.[13] In the letter, Defendant Micciche explained that the trespass order was a "result of [Plaintiff's] erratic, disconcerting, threatening, profane and aggressive behavior toward Borough staff and a pattern of conduct that significantly interferes with the orderly conduct of KPB services" that "escalated" when Plaintiff "attempted to forcibly gain entry into the River Center."[14] The trespass order explained that Plaintiff's actions and statements toward Ms. Lopez at the door of the River Center earlier that day and his statement to Robert Ruffner on January 7, 2025, "to the effect that Mr. Ruffner doesn't know how close he was to getting knocked out, all constitute 'threats of violence' as defined in KPB 1.08.165(E)."[15] Plaintiff's Complaint alleges that Defendant Micciche's description of events in the letter and trespass order is "inaccurate" and that Plaintiff's actions that day were "entirely lawful."[16]

The trespass order expressly prohibited Plaintiff from entering the KPB River Center, the KPB Administration Building, the KPB Maintenance Building, the "SPSCC," and all KPB fire stations.[17] The trespass order provided online platforms

---

[13] Docket 1 at 12-13, ¶ 34; Docket 1-4.

[14] Docket 1-4 at 1.

[15] Docket 1-4 at 3.

[16] Docket 1 at 13, ¶ 35.

[17] Docket 1-4 at 1-3. Further, while Plaintiff was not trespassed from KPB solid waste facilities, the letter noted that loitering there was prohibited. Docket 1-4 at 3.

Case No. 3:25-cv-00054-SLG, *Conner v. Micciche, et al.*
Order on Defendants' Motion to Dismiss
Page 4 of 8
Case 3:25-cv-00054-SLG     Document 34     Filed 02/10/26     Page 4 of 8

and email communications as alternative options for Plaintiff to engage with KPB services and, in addition, provided that Plaintiff was not prohibited from attending and participating in public meetings in the Assembly Chambers in the KPB Administration Building.[18]

Plaintiff alleges that the trespass order has "foreclosed [his] use and enjoyment of quite literally hundreds of places," including any hospital on the peninsula, the airport, local community colleges, his grandchildren's schools, the local post office, the library, and polling places owned or operated by KPB.[19]

Plaintiff filed this suit against Defendants on March 19, 2025.[20] The Complaint raised four claims challenging the constitutionality of the Ordinance: (1) a claim that the Ordinance violates the constitutional prohibition on Bills of Attainder; (2) a First Amendment claim for violations of his right to free speech and press; (3) a Due Process claim challenging the Ordinance on vagueness grounds; and (4) a 42 U.S.C. § 1983 claim asserting that the Ordinance has deprived him of his constitutional rights and that is has been arbitrarily applied to him by Defendants.[21]

Before filing an Answer, Defendants moved to dismiss Plaintiff's first claim

---

[18] Docket 1-4 at 2.

[19] Docket 1 at 13-14, ¶ 36.

[20] Docket 1.

[21] Docket 1 at 14-23, ¶¶ 39-69.

Case No. 3:25-cv-00054-SLG, *Conner v. Micciche, et al.*
Order on Defendants' Motion to Dismiss
Page 5 of 8
Case 3:25-cv-00054-SLG   Document 34   Filed 02/10/26   Page 5 of 8

regarding a Bill of Attainder, pursuant to Federal Rule of Civil Procedure 12(b)(6), which the Court granted.[22] Fourteen days after the Court granted Defendant's first motion to dismiss, Defendants filed this second motion to dismiss the remaining three claims in Plaintiff's Complaint pursuant to Rule 12(b)(6).[23]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(g)(2) states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  "If a failure-to-state-claim defense under Rule 12(b)(6) was not asserted in the first motion to dismiss under Rule 12, Rule 12(h)(2) tells us that it can be raised, but only in a pleading under Rule 7, in a post-answer motion under Rule 12(c), or at trial."[24]

## DISCUSSION

As an initial matter, Plaintiff contends that Defendants' Motion to Dismiss is untimely because it was filed well after Defendants were served with the Complaint and 14 days after the Court decided Defendants' first Motion to Dismiss.[25] Federal Rule of Civil Procedure 12(a)(1) requires a defendant to serve an answer "within

---

[22] Docket 14 at 10.

[23] Docket 15.

[24] *In Re Apple iPhone Antitrust Litig.,* 846 F.3d 313, 318 (9th Cir. 2017), *aff'd sub nom. Apple Inc. v. Pepper,* 587 U.S. 273 (2019) (citation omitted).

[25] Docket 26 at 3-5.

Case No. 3:25-cv-00054-SLG, *Conner v. Micciche, et al.*
Order on Defendants' Motion to Dismiss
Page 6 of 8
Case 3:25-cv-00054-SLG   Document 34   Filed 02/10/26   Page 6 of 8

21 days after being served with the summons and complaint" but, if a defendant instead files a Rule 12 motion, then an answer "must be served within 14 days after notice of the court's action" on that motion, even if the motion to dismiss was only as to a subset of the plaintiff's claims.[26] As such, Defendants had until 14 days after the Court decided their initial motion to dismiss to file an answer.

However, instead of filing an answer after the Court ruled on the first Rule 12(b)(6) motion to dismiss, Defendants filed a second motion to dismiss.[27] In their reply, Defendants maintain that this second motion to dismiss is not untimely.[28] They cite to *Aetna Life Insurance Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470 (9th Cir. 1988), which held that a motion under Rule 12(b) can be made "any time before the responsive pleading is filed," and here, Defendants have not yet filed their answer.[29]

But the issue is not whether Defendants' second motion to dismiss was timely; rather Defendants' second 12(b)(6) motion may be precluded when the grounds raised in their second motion could have been asserted in Defendants'

---

[26] Fed. R. Civ. P. 12(a)(4); *see also Abbott v. Rosenthal*, 2 F. Supp. 3d 1139, 1142-43 (D. Idaho 2014) ("Rule 12(a)(4) also applies to a partial Rule 12(b) motion, tolling the time period for filing an answer to all claims contained in the Complaint—not just the claims for which the motion seeks dismissal.").

[27] Docket 15.

[28] Docket 30 at 2-3.

[29] Docket 30 at 3 (internal quotation marks omitted) (quoting *Aetna Life Ins. Co.*, 855 F.2d at 1474).

Case No. 3:25-cv-00054-SLG, *Conner v. Micciche, et al.*
Order on Defendants' Motion to Dismiss
Page 7 of 8
Case 3:25-cv-00054-SLG   Document 34   Filed 02/10/26   Page 7 of 8

first Rule 12(b)(6) motion.[30] Clearly, Defendants could have challenged Counts 2 through 4 of Plaintiff's Complaint in their first Rule 12(b)(6) motion, and therefore, the Court declines to address the merits of Defendants' second Rule 12(b)(6) motion.[31] Accordingly, Defendants' Motion to Dismiss at Docket 15 is DENIED without prejudice.

DATED this 10th day of February, 2026, at Anchorage, Alaska.

*/s/Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[30] *See In re Apple,* 846 F.3d at 318. In *In re Apple*, the district court had considered the merits of a successive Rule 12(b)(6) motion. The Circuit Court held that the defendant's successive motion to dismiss "may not have been late-filed within the meaning of Rule 12(g)(2)," but that, even if it was, "any error by the district court in considering the motion on the merits was harmless." *Id.* at 319-20. In so holding, the Circuit noted that "[d]enying late-filed Rule 12(b)(6) motions and relegating defendants to the three procedural avenues specified in Rule 12(h)(2) can produce unnecessary and costly delays, contrary to the direction of Rule 1." *Id.* at 318-19. However, here, not reaching the merits of Defendants' second Rule 12(b)(6) motion should not cause unnecessary delay, particularly as the Court has already issued a Scheduling and Planning Order in this case at Docket 11. *See Jackson v. Nev. Dep't of Corr.*, Case No. 2:23-cv-00124-APG-DJA, 2025 WL 3470849, at *4 n.5 (D. Nev. Dec. 2, 2025) ("*In re Apple* held that in certain circumstances a district court ruling on a defense barred under FRCP 12(g) may be harmless error. Because doing so is still an error, I decline to use *In re Apple* to consider the defendants' arguments against the First and Fourteenth Amendment claims." (internal citations omitted)).

[31] *See, e.g., Sanas.AI Inc. v. Krisp Techs., Inc.*, Case No. 25-cv-05666-RS, 2025 WL 3684922, at *2 (N.D. Cal. Dec. 19, 2025) "[T]he Federal Rules of Civil Procedure control, and they do not permit successive Rule 12(b)(6) motions on the same complaint."); *Jackson*, 2025 WL 3470849, at *2-4 (applying Fed. R. Civ. P. 12(g), (h) and striking sections of defendants' subsequent motion to dismiss because those defenses were available to defendants in their prior motion to dismiss).

Case No. 3:25-cv-00054-SLG, *Conner v. Micciche, et al.*
Order on Defendants' Motion to Dismiss
Page 8 of 8
Case 3:25-cv-00054-SLG   Document 34   Filed 02/10/26   Page 8 of 8